## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **FINANCIAL FEDERAL CREDIT INC.** | § | |
| | § | |
| | § | |
| | § | **C.A. No. _____** |
| **VS.** | § | |
| | § | |
| **RAY ANTHONY INTERNATIONAL LLC,** | § | |
| **and** | § | |
| **RAY G. ANTHONY** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND APPLICATION
### FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

COMES NOW FINANCIAL FEDERAL CREDIT INC., a Texas corporation, hereinafter called Plaintiff, complaining of RAY ANTHONY INTERNATIONAL, LLC, a Florida limited liability company, and RAY G. ANTHONY, an individual residing in the Commonwealth of Pennsylvania, hereinafter referred to as Defendants, and in support thereof would respectfully show the Court as follows:

### JURISDICTION AND VENUE

1.      This Court has original jurisdiction under 28 U.S.C. 1332(a)(2) in that this is a civil action between citizens or subjects of different states and the matter in controversy exceeds seventy-five thousand dollars, exclusive of costs and interest.

2.      Venue is proper in the United States District Court for the Southern District of Texas under 28 U.S.C. 1391 (a) and (c) in that it is founded upon written contracts expressly providing for venue in, and performable in, this District.

## PARTIES

3.    Plaintiff is a corporation organized and existing under the laws of the State of Texas with its principal place of business in the State of Texas.

4.    Defendant RAY ANTHONY INTERNATIONAL, LLC is a Florida limited liability company whose sole member is RAY G. ANTHONY, and may be served with process in this case by and through its registered agent for service Samuel Anthony, 280 NW 12th Avenue, Pompano Beach, FL 33069.

5.    Defendant RAY G. ANTHONY is a citizen of the Commonwealth of Pennsylvania, and may be served with process in this case at his last known address of 301 Meadowlark Lane, Uniontown, PA 15401.

## BACKGROUND

6.    Plaintiff provided financing to RAY ANTHONY INTERNATIONAL, LLC ("INTERNATIONAL") for the acquisition and/or purchase of equipment and/or for other business purposes.  RAY G. ANTHONY ("ANTHONY") personally guaranteed payment and performance of all obligations of INTERNATIONAL to Plaintiff.

7.    INTERNATIONAL is indebted to Plaintiff pursuant to seven (7) promissory notes, each executed by INTERNATIONAL and delivered to Plaintiff, as follows (the "Notes"):

| Note Date | Original Amount |
|---|---|
| December 15, 2006 | $1,519,140.00 |
| June 6, 2007 | $483,360.00 |

| Note Date | Original Amount |
|---|---|
| November 29, 2007 | $1,577,856.00 |
| April 7, 2008 | $631,140.00 |
| March 26, 2008 | $1,800,624.00 |
| May 29, 2008 | $300,300.00 |
| August 26, 2008 | $300,480.00 |

8.     Simultaneously with the execution of each of the Notes, INTERNATIONAL executed and delivered to Plaintiff a Security Agreement (collectively, the "Security Agreements") dated the same day as each respective Note, granting Plaintiff a security interest in all of the equipment more particularly described on Schedule "A" to each Security Agreement (collectively, the "Equipment"), as well as a blanket security interest in all assets of INTERNATIONAL (the "Blanket Collateral").

9.     Each Note and the corresponding Security Agreement and Schedule A, and any modifications or extensions, are attached to the Affidavit of Bill M. King filed simultaneously herewith (the "King Affidavit") as Exhibits "1" through "7."

10.     Plaintiff perfected its security interest arising from the Security Agreements by filing UCC-1 financing statements in all appropriate jurisdictions and locations, and recorded its lien on the titles to the Equipment.  True and correct copies of the file-marked UCC-1 financing statements and the certificates of title are attached to King Affidavit as Exhibits "8" and "9.)

11.     The Notes and Security Agreements provide for acceleration of all indebtedness due under the terms of each of the Notes in the event of default by INTERNATIONAL under any of its obligations to Plaintiff.

12.     Each Security Agreement provides for exclusive jurisdiction and venue in Harris County, Texas, with the only caveat being that Plaintiff may bring suit in another jurisdiction, such as if necessary to obtain a writ of possession or similar relief that may be granted only by a court in that other jurisdiction.

13.     The Notes and the Security Agreements are cross-secured and cross-defaulted.

## GUARANTIES

14.     On or about April 20, 2006, and January 12, 2010, ANTHONY executed and delivered to Plaintiff continuing guaranties of the obligations of INTERNATIONAL (the "Guaranties").   The Guaranties formed part of the consideration for Plaintiff accepting and funding the Notes, and Plaintiff relied on the Guaranties in doing so.   The Guaranties are continuing guaranties.   True and correct copy of the Guaranties are attached to the King Affidavit as Exhibit "10."

15.     The Guaranties provide that the Guarantor, ANTHONY, agrees to be directly and unconditionally liable to Plaintiff, without reduction by reason of any defense, setoff or counterclaim, for the due payment and performance of all obligations of INTERNATIONAL to Plaintiff. ANTHONY also agreed to the following terms: (1) that his liability to Plaintiff is direct and unconditional and may be enforced against him without prior resort to any other right, remedy or security and shall continue notwithstanding any

repossession or other disposition of security regardless of whether same may be an election of remedies against INTERNATIONAL; (2) that his liability to Plaintiff shall not be released, impaired or satisfied for any reason until all obligations of INTERNATIONAL to Plaintiff have been fully paid and performed, with interest; and (3) that he will pay Plaintiff's reasonable attorneys' fees if the guaranties are referred to an attorney for enforcement, together with any and all court costs and expenses.  ANTHONY also agreed to waive all notices to which he may have been entitled, including but not limited to presentment, demand, notice of intent to accelerate, and notice of acceleration and protest.

## BREACH OF CONTRACT

16.    Plaintiff is the owner and holder of the Notes, the Security Agreements and the Guaranties, and is the party entitled to payment thereof.   Plaintiff fully performed all of its duties and obligations under the terms of the Notes, the Security Agreements and the Guaranties.

17.    All conditions precedent to the bringing of this action and the enforcement of the Notes, Security Agreements and Guaranties have been performed or have occurred.

18.    INTERNATIONAL has failed to make payments as promised in the Notes as follows:

| Account No. | Past Due Installments | Amount Past Due |
|---|---|---|
| 42722 | March 1, 2010 and subsequent | $54,255.00 |
| 46704 | April 6, 2010 and subsequent | $16,112.00 |

| 49893 | April 1, 2010 and subsequent | $37,567.00 |
| 51570 | March 1, 2010 and subsequent | $64,308.00 |
| 52540 | April 7, 2010 and subsequent | $21,038.00 |
| 53298 | April 1, 2010 and subsequent | $10,010.00 |
| 55106 | April 1 2010, and subsequent | $10,016.00 |
| | Total past due: | $213,306.00 |

19.    In addition to the Past Due Installments shown in the above table, additional interest and late charge in accordance with the terms of the Notes are due and owing.

20.    As a result of Defendants' default under the Notes, Plaintiff has exercised its option to accelerate the unpaid balance of the indebtedness due under each Note, resulting in a balance due as of May 13, 2010 as follows:

| Account No. | Accelerated Balance |
|-------------|---------------------|
| 42722 | $   979,381.95 |
| 46704 | $   267,482.01 |
| 49893 | $1,161,707.20 |
| 51570 | $1,474,993.36 |
| 52540 | $   457,549.88 |
| 53298 | $   228,273.07 |
| 55106 | $   249,089.02 |

| Account No. | Accelerated Balance |
|---|---|
| Total Due | $4,818,476.49 |

21.　In addition to the Accelerated Balance shown in the above table, additional interest, costs and attorneys' fees continue to accrue.

22.　Plaintiff is entitled to judgment against INTERNATIONAL and ANTHONY, jointly and severally, in the aggregate amount of $4,818,476.49 as of May 13, 2010, together with additional interest, costs and attorneys' fees that continue to accrue in accordance with the terms of the Notes, the Security Agreements and the Guaranties.

## REQUEST FOR POSSESSION

23.　Upon information and belief, INTERNATIONAL and ANTHONY are in possession of the Equipment, some of which is located in Texas.

24.　Pursuant to the terms of the Notes, the Security Agreements, the Guaranties and applicable state law, Plaintiff is entitled to possession of the Equipment upon default.

25.　Plaintiff seeks a judgment against INTERNATIONAL and ANTHONY, jointly and severally, for possession of the Equipment, and an order of the Court compelling the return of the Equipment.

26.　Plaintiff is further entitled to judgment against INTERNATIONAL and ANTHONY, jointly and severally, for all costs and expenses incurred in exercising Plaintiff's self-help remedies.

27.     Plaintiff reserves the rights (i) to exercise its self help remedy of repossession of the Equipment, (ii) to file a motion with this Court seeking immediate attachment or sequestration of the Equipment, and (iii) to file an action in any other jurisdiction for possession of any Equipment in such jurisdiction.

28.     Plaintiff is entitled to judgment against INTERNATIONAL and ANTHONY, jointly and severally, for all costs and expenses incurred in exercising its remedies.

## TEMPORARY AND PERMANENT INJUNCTIVE RELIEF

29.     Upon information and belief, INTERNATIONAL and/or ANTHONY are dissipating the Equipment and the Blanket Collateral, including, without limitation, accounts receivable of and/or collected by INTERNATIONAL and/or ANTHONY, without remitting same to Plaintiff.

30.     INTERNATIONAL is in the business of renting and selling property of the same kind as the Equipment.   Accordingly, there is a substantial threat that INTERNATIONAL and/or ANTHONY will sell, transfer, move, secrete or otherwise dispose of the Equipment.   In addition, the insurance coverage for the Equipment will expire within the next ten (10) days.

31.     INTERNATIONAL has not made payments as required by the Notes, and has told Plaintiff that INTERNATIONAL does not have funds available to make payments at this time, despite continuing to rent out the Equipment.

32.     The damage to Plaintiff if the Equipment is dissipated would be immediate and irreparable, as it is apparent that INTERNATIONAL, by its own admission, does not have cash to pay the debt.

33.    Therefore, Plaintiff is entitled to a Temporary Restraining Order prohibiting INTERNATIONAL and/or ANTHONY, their officers, agents, attorneys, employees, and other representatives, and all those in active concert or participation with any of them, from selling, transferring, moving, secreting or otherwise disposing of the Equipment.

34.    Following a show cause hearing, Plaintiff requests the Court to enter a temporary restraining order restraining and enjoining INTERNATIONAL and/or ANTHONY, and their agents, attorneys, employees and other representatives, and all those in active concert or participation with any of them, from selling, transferring, moving, secreting or otherwise disposing of the Equipment.

35.    Plaintiff requests the Court to schedule a temporary injunction hearing no later than two (2) weeks after entry of the temporary restraining order, and upon the close of evidence at such hearing, to enter a temporary injunction restraining and enjoining INTERNATIONAL and/or ANTHONY, and their agents, attorneys, employees and other representatives, and all those in active concert or participation with any of them, from selling, transferring, moving, secreting or otherwise disposing of the Equipment, and that said temporary injunction continue in force and effect until entry of a final judgment in this case.

36.    Plaintiff further requests that the Court make the temporary injunction permanent in the judgment entered in this case.

## ACCOUNTING

37.     Plaintiff is entitled to an accounting of the Equipment and the Blanket Collateral, including, without limitation, accounts receivable of and/or monies collected by INTERNATIONAL and/or ANTHONY.

## INTEREST

38.     The Notes, the Security Agreements and the Guaranties expressly provide that, upon the occurrence of an event of default, interest shall accrue on the balance due at the maximum rate allowed by law.  The maximum rate allowed by law is eighteen percent (18%) per annum.

39.     INTERNATIONAL and ANTHONY, jointly and severally, are responsible for all sums due under the terms of the Notes, the Security Agreements and the Guaranties, including interest as set forth above, for which Plaintiff here sues.

## ATTORNEYS' FEES

40.     The Notes, the Security Agreements and the Guaranties expressly provide that Plaintiff is entitled to recover its attorneys' fees, for which attorneys' fees Plaintiff here sues.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays the Court that Defendants, RAY ANTHONY INTERNATIONAL, LLC and RAY G. ANTHONY, be cited to appear and file answer herein, and that Plaintiff, FINANCIAL FEDERAL CREDIT INC., does have and recover of and from Defendants, RAY ANTHONY INTERNATIONAL, LLC and RAY G. ANTHONY, jointly and severally, as follows:

a) Judgment in the amount of $4,818,476.49;

b) Judgment for possession of the Equipment;

c) Interest thereon at the rate of eighteen percent (18%) per annum from and after May 13, 2010, until the date of judgment;

d) a temporary restraining order restraining and enjoining RAY ANTHONY INTERNATIONAL, LLC and RAY G. ANTHONY, and their agents, attorneys, employees and other representatives, and all those in active concert or participation with any of them, from selling, transferring, moving, secreting or otherwise disposing of the Equipment, which temporary restraining order should continue in force and effect until a temporary injunction hearing is held;

e) a temporary injunction restraining and enjoining RAY ANTHONY INTERNATIONAL, LLC and RAY G. ANTHONY, and their agents, attorneys, employees and other representatives, and all those in active concert or participation with any of them, from selling, transferring, moving, secreting or otherwise disposing of the Equipment, which temporary injunction should continue in force and effect until entry of a final judgment in this case;

f) a permanent injunction restraining and enjoining RAY ANTHONY INTERNATIONAL, LLC and RAY G. ANTHONY, and their officers, agents, attorneys, employees and other representatives, and all those in active concert or participation with any of them, from selling, transferring, moving, secreting or otherwise disposing of the Equipment;

g) an accounting of the Equipment and the Blanket Collateral, including, without limitation, accounts receivable of and/or collected by RAY ANTHONY INTERNATIONAL, LLC and RAY G. ANTHONY;

h) reasonable attorneys' fees;

i) post-judgment interest as provided by law;

j) all costs of court;

and such other and further relief to which Plaintiff may show itself to be justly entitled.

FINANCIAL FEDERAL CREDIT INC.

Robert Grawl, Jr., Assistant General Counsel
State Bar No: 08313400 / SDOT No. 14141
1300 Post Oak Blvd., Suite 1300
Houston, Texas 77056
Telephone:    (713) 439-1177
Telecopier:    (713) 386-0337

OF COUNSEL:
Joshua J. Bennett
SBN: 24059444 / SDOT No. 1048588
Akerman Senterfitt LLP
Plaza of the Americas, Suite S1900
600 N. Pearl Street
Dallas, TX 75201
Telephone:    (214) 720-4300
Telecopier:    (214) 981-9339

James Foster
Akerman Senterfitt
420 S. Orange Avenue
Orlando, FL 32801
Telephone:    (407) 419-8580
Telecopier:    (407) 254-4222